UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RAMEL L. SHEPPARD, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:23-cv-00035-NT |
| | ) | |
| ANDROSCOGGIN COUNTY | ) | |
| DISTRICT ATTORNEY'S OFFICE, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT**

Plaintiff alleges various constitutional violations in connection with three state court criminal proceedings. (Complaint, ECF No. 1; Additional Attachments, ECF No. 3.) Plaintiff asks the Court for a "federal writ of habeas corpus to produce [him] in court" to address the alleged violations. (Complaint at 3.)

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, upon the filing of a petition, the Court must conduct a preliminary review of the petition, and "must dismiss" the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face. . .").[1]

---

[1] Petitioner did not cite § 2254 or any of the other statutory provisions governing the writ of habeas corpus. Because Petitioner is evidently not in custody pursuant to a state court judgment, it is § 2241, rather than § 2254, that covers the petition here. However, "the § 2254 rules specifically state that they may be applied by the district court to other habeas petitions." *Bramson v. Winn*, 136 F. App'x 380, 382 (1st Cir. 2005) (citing Rule 1(b) of the Rules Governing § 2254 Cases).

To the extent Plaintiff seeks relief other than habeas relief, Plaintiff's complaint is subject to a preliminary review "before docketing, if feasible or … as soon as practicable after docketing," because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's allegations, I recommend the Court dismiss the complaint.

## DISCUSSION

Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts generally abstain from the exercise of jurisdiction when a petitioner seeks relief in federal court from ongoing state criminal proceedings. *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (noting that *Younger* "preclude[s] federal intrusion into ongoing state criminal prosecutions"); *In re Justices of Superior Court Dept. of Mass. Trial Court*, 218 F.3d 11, 16 (1st Cir. 2000) ("The federal courts have long recognized the 'fundamental policy against federal interference with state criminal proceedings.'" (quoting *Younger*, 401 U.S. at 46)). Abstention is called for "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. at 43-44.

The elements of mandatory abstention consist of the following: "(1) the [state] proceedings are judicial (as opposed to legislative) in nature; (2) they implicate important state interests; and (3) they provide an adequate opportunity to raise federal constitutional challenges." *Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass.*, 904 F.2d 772, 777 (1st Cir. 1990). Petitioner does not assert that the state criminal proceedings have reached a final resolution. To the contrary, Plaintiff's allegations suggest

that two cases require sentencing and that a trial has not occurred in the other case. The criminal proceedings alleged in the complaint are judicial in nature, implicate important state interests associated with the State's administration of its laws, and the state court system affords Petitioner an adequate opportunity to raise federal constitutional challenges. Abstention, therefore, is presumptively appropriate.

"Courts have consistently applied the *Younger* doctrine to dismiss habeas claims by pretrial detainees based on excessive bail, claims of actual innocence, or due process violations, absent bad faith, harassment, or [other] extraordinary circumstances." *Enwonwu v. Mass. Superior Court, Fall River*, No. 1:12-cv-10703, 2012 WL 1802056, at *3 n. 7 (D. Mass. May 16, 2012). In this case, Plaintiff has not alleged any facts that would constitute the extraordinary circumstances necessary to overcome the presumption in favor of abstention. For example, Plaintiff alleges violations of his speedy trial rights. A properly supported effort to force a state to begin a trial can support federal intervention in narrow circumstances. *See*, *e.g.*, *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 491 (1973) (permitting a § 2241 pretrial petition to proceed when state court repeatedly ignored speedy trial requests on a three-year-old indictment). While Plaintiff alleges that he has been in custody for a lengthy period, his allegations do not adequately explain how a speedy trial violation is ongoing particularly with trial complete on some of the charges.[2] In other words, excluding "labels and conclusions" about a violated right, *Ashcroft v. Iqbal*,

---

[2] I take judicial notice of the docket sheets in *State v. Sheppard*, Nos. ANDCD-CR-2020-01119; ANDCD-CR-2020-01231; ANDCD-CR-2021-00070. *See Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand.").

556 U.S. 662, 681 (2009), the factual content in the complaint regarding the state court cases is insufficient to state a claim "showing" that he is entitled to relief. Fed. R. Civ. Proc. 8(a)(2); *Iqbal*, 556 U.S. at 679 ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief") (internal quotation marks and modifications omitted).

Dismissal, therefore, is appropriate.[3]

## CONCLUSION

Based on the foregoing analysis, after a review in accordance with Rule 4 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 1915A, I recommend the Court dismiss the complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

---

[3] Even if the state court criminal proceedings have reached final judgment, dismissal would still be appropriate on Plaintiff's request for habeas relief because to obtain habeas relief, Plaintiff must exhaust his state court appellate and postconviction remedies before pursuing a § 2254 habeas petition in federal court. *See* 18 U.S.C. § 2254(b)(1)(A); *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). Furthermore, if the state criminal proceedings have reached final judgment, Plaintiff would be required to invalidate his conviction through appellate or postconviction remedies before pursuing damages in federal court for any allegedly unconstitutional actions which resulted in his state criminal conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Accordingly, Plaintiff cannot proceed on a claim pursuant to 42 U.S.C. § 1983.

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

  Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

           /s/ John C. Nivison
           U.S. Magistrate Judge

Dated this 8th day of February, 2023.